UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00188-FDW

| MICHAEL K. JARRETT, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER |
| ERIC A. HOOKS, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Michael K. Jarrett's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 5), which the Court shall grant.

### I. BACKGROUND

On January 9, 2012, Petitioner pled guilty in Transylvania County Superior Court to felony larceny and attaining the status of habitual felon. (Pet. 1, Doc. No. 1.) He was sentenced to 80-105 months in prison. (Pet. 1.)

Petitioner was released on Post Release Supervision on December 1, 2017, which he subsequently violated on or about April 8, 2018. (Pet. 6.) He was arrested on the violations and transported to Tabor Correctional Institution ("TCI").

Petitioner filed the instant habeas Petition on May 29, 2019, when he placed it in the prison mail system, see Houston v. Lack, 487 U.S. 266, 267 (1988).[1] (Pet. 17.) According to Petitioner, his 2012 sentence fully expired on August 28, 2018, and he is not in custody under any other state criminal judgment. (Pet. 6.) He claims TCI nevertheless refuses to release him

---

[1] Petitioner filed his habeas Petition in the North Carolina District Court for the Eastern District of North Carolina, which transferred the action here (Doc. Nos. 2-3).

1

from its custody. TCI is a state correctional institution within the North Carolina Department of Public Safety ("NCDPS").

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Petition shall be dismissed as the Court does not have subject matter jurisdiction over this action.

## III. DISCUSSION

Petitioner is not challenging the validity of his 2012 judgment or the execution of his 2012 sentence. Instead, he claims the NCDPS continues to keep him in custody past the expiration of his sentence. In other words, Petitioner does not contend he is in custody pursuant to an invalid or unconstitutional judgment; he contends his continued custody is not pursuant to any state court judgment. Accordingly, this action does not fall under 28 U.S.C. § 2254. See In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("Section 2254, by its terms, . . . 'applies to a person in custody pursuant to the judgment of a State court[.]'" (quoting Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003) (internal quote omitted) (emphasis in original))). It is more properly considered a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which provides for habeas relief for any prisoner in custody in violation of the Constitution or the laws or treaties of the United States, see id. at § 2241(c)(3).

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Nakell v. Attn'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant

and likely to be redressed by a favorable judicial decision." Id. In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Jud'l Cir. Court of Ky., 410 U.S. 484, 494–95 (1973). An incarcerated convict's or parolee's challenge to the validity of his conviction always satisfies the case or controversy requirement, but, once a convict's sentence has expired, some collateral consequence of the conviction must exist if the suit is to be maintained. Spencer v. Kemna, 523 U.S. 1, 7–8 (1998).

NCDPD records show Petitioner was released from NCDPS custody on June 3, 2019, five days after he filed the instant habeas Petition.[2] Petitioner asserts no collateral consequences upon which § 2241 relief should be granted, so no case or controversy presently exists. See United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008); see also Williams v. United States, 2018 WL 1612203 (W.D.N.C. April 3, 2018). Because there is no live case or controversy before the Court, the instant Petition will be dismissed for lack of subject matter jurisdiction. If the NCDPS records are incorrect, however, and Petitioner remains in NCDPS custody in the absence of a state court judgment, he should file a motion in this Court asking it to vacate this decision.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**;
2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 5) is **GRANTED**; and
3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a

---

[2] See NCDPS Offender Public Information, https://webapps.doc.state.nc.us./opi/offendersearch.do?method=view (Jarrett, Michael K., OPUS # 0206013, last reviewed on June 27, 2019).

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: June 27, 2019

Frank D. Whitney
Chief United States District Judge